**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | October 26, 2007 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

## DEFENDANTS' MOTION TO DISMISS COUNT 23 OF THE INDICTMENT

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, defendants John R. Kramer and Carlos Ortiz respectfully submit this motion to dismiss Count 23 of the Indictment against them.

Counsel for defendants hereby request oral argument in connection with this motion, and estimate that thirty minutes will be required for oral argument.

## STATEMENT PURSUANT TO LOCAL RULE 12(F)

The filing and disposition of this motion constitutes excludable time as defined by 18 U.S.C. § 3161(h)(1)(f). It is not possible to estimate the amount of excludable time until the disposition of this motion. No motions dealing with the same subject matter have been filed in the past.

Dated: October 26, 2007

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

**CERTIFICATE OF SERVICE**

I, **Scott D. Corrigan**, certify that on the 26th day of October, 2007, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

-----------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | October 26, 2007 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

-----------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**<u>THEIR MOTION TO DISMISS COUNT 23 OF THE INDICTMENT</u>**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this memorandum of law in support of their motion to dismiss Count 23 of the Indictment, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Count 23 of the Indictment against Kramer and Ortiz charges them with bribery pursuant to 18 U.S.C. § 2 ("Section 2") and 18 U.S.C. § 666(a)(2) ("Section 666(a)(2)"). The allegations set forth in Count 23, however, do not sufficiently plead a bribery charge.

Section 666(a)(2) imposes federal criminal penalties on anyone who:

> corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more, [where] the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666(a)(2) & (b). Section 2 states that anyone who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal," as is anyone who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States." 18 U.S.C. § 2.

Count 23 of the Indictment consists, in its entirety, of two paragraphs. Paragraph 105 provides: "The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of this Indictment, as though fully set forth herein." Paragraphs 1 through 8 of the Indictment merely identify Kramer, Ortiz, Celona, and CVS, and describe the individuals' general job descriptions and responsibilities. And Paragraph 106 of the Indictment provides:

> From in or about May of 1999 through in or about December 2003, in the District of Rhode Island and elsewhere, defendants, KRAMER and ORTIZ, did knowingly and corruptly give, offer and agree to give something of value to an agent of state government with intent to influence and reward the agent in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more, namely, KRAMER and ORTIZ gave money and gifts to Celona, a Rhode Island senator, being an agent of the State of Rhode Island which received benefits in excess of $10,000 for each of the years 1999, 2000, 2001, 2002, 2003, from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, to influence and reward Celona in connection with legislation of interest to CVS, in violation of 18 U.S.C. §§ 2 and 666(a)(2).

Because "[e]ach count in an indictment is regarded as if it was a separate indictment," United States v. Winter, 663 F.2d 1120, 1138 (1st Cir. 1981) (internal quotation omitted), Count 23 "must be sufficient without reference to other counts unless the allegations of those counts expressly are incorporated," and any deficiencies in Count 23 are "not curable by reading the indictment as a whole." United States v. Yefsky, 994 F.2d 885, 894 (1st Cir. 1993). The only allegations relevant to the bribery charge are those contained in paragraphs 105 and 106, and paragraphs 1 through 8, which are incorporated by reference. See United States v. Apex Distributing Co., 148 F. Supp. 365, 373 (D.R.I. 1957) ("Each count in an indictment stands or falls on the strength of its own allegations.").

Thus, the government's bribery charge against Kramer and Ortiz consists of nothing more than a few paragraphs identifying the defendants, a parroting of the language of the bribery statute, and a vague allegation that the defendants gave Celona unspecified "money and gifts" in connection with unspecified "legislation of interest to CVS." Taken together, this charging language does not amount to a valid charge of bribery. Accordingly, Count 23 of the Indictment must be dismissed.

## ARGUMENT

## THE INDICTMENT FAILS TO STATE A CHARGE OF BRIBERY.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. CONST. amend. VI. Rule 7 of the Federal Rules of Criminal Procedure implements the Sixth Amendment's protections by requiring that an indictment provide "a plain, concise, and *definite* written statement of the *essential facts* constituting the offense charged." Fed. R. Crim. P. 7(c)(1) (emphasis added). As the First Circuit has explained:

> A vital function of an indictment is to provide such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation. . . . This principle is derived directly from the Sixth Amendment's guarantee of the right of an accused "to be informed of the nature and cause of the accusation" and is basic to the proper functioning of our adversary system of justice.

United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970).

An indictment is not sufficient unless it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must plead, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Resendiz-Ponce, ___ U.S. ___, 127 S. Ct. 782, 788 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)). Count 23 of the Indictment fails on both fronts: it does not provide Kramer and Ortiz with fair notice of the bribery charge against them, and it does not enable them to plead an acquittal or conviction in bar of future bribery prosecutions. Accordingly, the bribery charge should be dismissed.

**A. Count 23 Does Not Fairly Inform Defendants Of The Bribery Charge.**

The allegations in Count 23 fail to provide adequate notice of the bribery charge, forcing Kramer and Ortiz to rely upon pure conjecture in mounting a defense to the allegations against them. As an initial matter, because the language of the crime charged does not, by itself, "fully, directly and expressly, *without any uncertainty or ambiguity*, set forth all the elements necessary to constitute the offense," the bribery charge against Kramer and Ortiz may not merely recite the statutory language but "must be accompanied by such a statement of the facts and circumstances as will inform the accused of the specific offense . . . with which he is charged." Hamling, 418 U.S. at 117-18 (emphasis added); see also United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985) ("It is a basic principle that, in order to guarantee protection of a criminal defendant's rights, an indictment must 'contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet.'") (quoting Russell v. United States, 369 U.S. 749, 763 (1962)).

The only factual allegation in Count 23 is the vague statement that Kramer and Ortiz "gave money and gifts to Celona . . . to influence and reward Celona in connection with legislation of interest to CVS." (Ind. ¶ 106.) Even when paired with a recitation of the statute, this insubstantial allegation does not amount to a satisfactory charge of bribery. See Russell, 369 U.S. at 765 ("An indictment not framed to apprise the defendant, with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute.").

Nowhere in Count 23 does the government identify the "money" or "gifts" that Kramer and Ortiz allegedly gave to Celona, let alone any information as to the time, place, or circumstances under which they were given. See Flying Eagle Publications, Inc. v. United

States, 273 F.2d 799, 802 (1st Cir. 1960) ("A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances.") (quoting United States v. Cruikshank, 92 U.S. 542, 558 (1875)). The "money" and "gifts" could have been given to Celona at any time from "in or about May of 1999 through in or about December 2003," a period of more than four and a half years. (Ind. ¶ 106.) Except for the parroted statutory language regarding "something of value of $5,000 or more," Count 23 offers no indication of the amount of "money" allegedly given to Celona, and does not offer any clues as to the number of occasions on which the "money" was given to him or the form in which it was provided to him. Neither does Count 23 identify the nature or the value of the "gifts" allegedly given to Celona, to say nothing of the manner in which Kramer and Ortiz gave the "money" and "gifts" to Celona, or where the transfers of "money" or "gifts" took place. Instead, Count 23 leaves Kramer and Ortiz to guess at every aspect of their alleged payments to Celona.

Furthermore, Count 23 fails to identify the "legislation of interest to CVS" that supposedly prompted the defendants' alleged donations to Celona. The ambiguity surrounding the alleged "legislation" begins with the indistinctness of Count 23's broad time span. It is reasonable to suppose that during the four-and-a-half-year period covered by Count 23, any number of pieces of "legislation" arose before Rhode Island's state legislature, any number of which might have been "of interest to CVS" for any number of reasons, but the government fails to identify which of those pieces of legislation are relevant to the bribery charge. Count 23 fails to specify even the nature of the "legislation" at issue: enacted statutes, bills being voted upon on the legislative floor, bills being discussed in committee, or bills yet to be formally proposed but nevertheless "of interest to CVS." See Russell, 369 U.S. at 765 ("[I]t is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must

state the species – it must descend to particulars."). In fact, Count 23 fails to identify the basic fact of whether the "legislation" at issue is federal, state, county, or municipal legislation.

Count 23 confuses and obscures matters even further with its allegation that the "money and gifts" were meant to "influence and reward" Celona. The allegation that Kramer and Ortiz sought to "influence and reward" Celona ensures hopeless confusion as to the "money" the defendants are alleged to have given to Celona, the "gifts" allegedly given to him, the nature of the "legislation" that was allegedly "of interest to CVS," and the purpose of their alleged payments. See Tomasetta, 762 F.2d at 979 ("Without sufficient information to identify that conduct which the grand jury has deemed adequate to support an indictment, an accused is at a material disadvantage in meeting the charge against him.").

Count 23's citation to Section 2 only compounds the confusion inherent in the defective bribery charge. Section 2 appears in Count 23 as nothing more than a bare citation, without even a recitation of the statute's language, let alone factual allegations that might support it. See United States v. Mojica-Baez, 229 F.3d 292, 309 (1st Cir. 2000) ("[A] statutory citation standing alone in an indictment does not excuse the government's failure to set forth each of the elements of the offense."); accord United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994). Far from clarifying the indictment, the government's invocation of Section 2 simply exacerbates the confusion in Count 23 by obfuscating even the capacity in which Kramer and Ortiz are being charged. The arcane citation to Section 2 raises questions as to whether the government is claiming that Kramer and Ortiz both violated Section 666(a)(2) as principals, or that one of the defendants aided and abetted the other in the violation (and if so, which of the defendants acted as principal and which as aider and abettor), or that Kramer and Ortiz both aided and abetted an

unspecified third party. See United States v. McLennan, 672 F.2d 239, 243 (1st Cir. 1982) ("[S]tatutory citations cannot normally supply the missing element in an indictment.").

In short, Count 23 fails entirely to identify the acts for which the government seeks to hold Kramer and Ortiz criminally liable, leaving them unable to defend themselves against the government's accusations of bribery. See Mojica-Baez, 229 F.3d at 310 (the "most serious" harm "that can emerge from flawed indictments . . . may be when a defendant is without fair notice of the charges against him").

**B. Count 23 Fails Because It Leaves The Defendants Vulnerable To Double Jeopardy**

Count 23 separately fails because its indistinct, overly broad allegations raise the spectre of double jeopardy. If the government is unable to gain a bribery conviction against Kramer and Ortiz under the Indictment, nothing in Count 23 would prevent the government from charging the two men with bribery a second time, claiming that the new indictment simply involves different "money," "gifts," or "legislation" than the first charge. See United States v. Eirby, 262 F.3d 31, 37-38 (1st Cir. 2001) (indictment not sufficient unless it "allows [defendant] to contest it without fear of double jeopardy").

Even a Bill of Particulars cannot save the government's defective bribery charge, in light of the fact that "it has long been settled law that an invalid indictment cannot be cured by a Bill of Particulars." Murphy, 762 F.2d at 1154. As the Supreme Court has explained:

> [t]o allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

Russell, 369 U.S. at 770. Accordingly, the government may not resort to a Bill of Particulars to resolve Count 23's fundamental flaws.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that their motion to dismiss Count 23 of the Indictment be granted in its entirety.

Dated: October 26, 2007
Providence, Rhode Island

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com
David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com