**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09-01 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**UNITED STATES' OBJECTION TO DEFENDANTS'**
**MOTION TO DISMISS COUNT 23 OF THE INDICTMENT**

Defendants have filed a joint motion to dismiss Count 23 of the Indictment ("motion to dismiss"). For the reasons stated in the accompanying memorandum of law being filed simultaneously herewith, the United States objects to defendants' motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/Stephen G. Dambruch
__________________________
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
/s/ AnnaLou Tirol

DANIEL A. PETALAS
ANNALOU TIROL
Trial Attorneys
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
Dan.petalas@usdoj.gov
AnnaLou.Tirol2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2007, I caused the within Government's Objection to Defendant's Motion to Dismiss Count 23 of the Indictment to be filed electronically and is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ STEPHEN G. DAMBRUCH
STEPHEN G. DAMBRUCH
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Stephen.dambruch@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CR 07-09-01 (MML) |
| | : | |
| | : | |
| JOHN R. KRAMER, and | : | |
| CARLOS ORTIZ | : | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION TO DISMISS COUNT 23 OF THE INDICTMENT**

**I. Introduction**

Defendants John Kramer and Carlos Ortiz have filed a motion dismiss Count 23 of the Indictment ("motion to dismiss"). Count 23 charges defendants with bribery pursuant to 18 U.S.C. §§ 2, 666(a)(2). Defendants contend Count 23 does not provide adequate notice of a bribery charge and prevents defendants from pleading double jeopardy. For the reasons set for below, the United States objects to defendants' motion and asks that it be denied

**II. Argument**

Defendants complain that Count 23 is too vague and ambiguous to support a bribery charge. Motion to Dismiss at 4. They argue the count as written is confusing and fails to specify the details of any "money" or "gifts" that were given, what the "legislation of interest to CVS" was, and how they were intended to "influence and reward" Celona. Motion to Dismiss at 4-6. They also contend the failure to explain which defendant qualifies as a principal and which one is an aider and abettor under 18 U.S.C. § 2, an "arcane citation," is grounds for dismissal. Motion to Dismiss at 6. Finally, defendants believe the ambiguity in Count 23 exposes them to the spectre of double jeopardy.

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." The United States is not required to recite all of its facts in an indictment. United States v. Marrero-Ortiz, 160 F.3d 768, 773 (1st Cir. 1998). Rather, an indictment should provide "sufficient detail to allow [a defendant] to prepare a defense, avoid unfair surprise at trial, and plead double jeopardy where appropriate." United States v. Cruz-Arroyo, 461 F.3d 69, 77 (1st Cir. 2006) (citations omitted). It is generally sufficient for an indictment to track the statutory language defining the offense, so long as all of the elements of the charged crime are contained. United States v. Cianci, 378 F.3d 71, 81 (1st Cir. 2004) (citations omitted). The question should be whether the indictment "fairly identifies and describes the offense." United States v. Allard, 864 F.2d 248 (1st Cir. 1989).

As set forth in the Indictment, Count 23 alleges:

> 105. The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of this Indictment, as though fully set forth herein.
>
> 106. From in or about May of 1999 through in or about December 2003, in the District of Rhode Island and elsewhere, defendants, KRAMER and ORTIZ, did knowingly and corruptly give, offer and agree to give something of value to an agent of state government with intent to influence and reward the agent in connection with the business, transaction, and series of transactions of such state government involving something of value of $5,000 or more, namely KRAMER and ORTIZ gave money and gifts to Celona, a Rhode Island senator, being an agent of the State of Rhode Island which received benefits in excess of $10,000 for each of the years 1999, 2000, 2001, 2002, 2003, from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, to influence and reward Celona in connection with legislation of interest to CVS. All in violation of 18 U.S.C. §§ 2 and 666(a)(2).

As defendants note, paragraphs 1-8 of the Indictment identify the individual defendants, John Celona ("Celona"), Celona's position as a Rhode Island Senator, and CVS. Paragraphs 1

and 2 state defendant Kramer was a Senior Vice-President for CVS working in community relations, government affairs, and charitable giving, and defendant Ortiz served as a Vice-President for CVS working in government affairs.

Paragraph 3 states Celona was a Rhode Island senator from 1995 to 2004. Paragraphs 4-6 list the positions that Celona held during his time in office. Celona was a member of the Senate Committee on Commerce, Housing and Municipal Government, formerly the Senate Corporations Committee. He was chairman of that committee during a time period relevant to the time period charged in Count 23, from January 4, 2001, to December 11, 2003. That committee "possessed jurisdiction over legislation and matters affecting commerce, for-profit as well as not-for-profit business corporations, including but not limited to proposed legislation and matters affecting pharmacies." Celona additionally served as a member of the Senate Committee on Health, Education and Welfare, which addressed "legislation and matters affecting health and human services, including but not limited to proposed legislation and matters affecting pharmacies." Celona was also designated to serve as a member of the Rhode Island Student Loan Authority, which provides higher education student loans, including those for pharmacy students.

Paragraph 7 of the Indictment alleges that CVS, or Consumer Value Stores, was incorporated for the purpose of being a retail pharmacy chain. According to paragraph 8,

> A substantial portion of CVS's income was derived from retail sales of prescription drugs, an activity regulated by Rhode Island law. KRAMER's and ORTIZ's duties at CVS involved, in large part, monitoring and influencing the outcome of proposed legislation that might impact CVS. As part of the legislative process in Rhode Island, when issues concerning the regulation of pharmacies were addressed by the State Senate, they were routinely heard before the Senate Corporations Committee and sometimes before the Senate [Health, Education, and Welfare] Committee, on which

Celona served."

The remaining paragraph of Count 23 follows the language of § 666(a)(2) and also incorporates the language of § 666(b). However, the language of paragraph 106 goes much further than merely tracking the language of the statute. It also specifies that Celona, as an "agent of state government," was a Rhode Island senator who participated in several senate committees. The "something of value" defendants are alleged to have given to Celona are "money" and "gifts." The Indictment further alleges the money and gifts were given to Celona in order "to influence and reward Celona in connection with legislation of interest to CVS," not just "the business, transaction, and series of transactions of such state government" as generally described in the statute.

Thus, Count 23 does more than just allege the vague and ambiguous charge of bribery that defendants claim. The count charges defendants with a particular time period, from May 1999 through December 2003. They are alleged to have corruptly given money and gifts to Celona with the intent to influence and reward him in connection with legislation that their employer, CVS, had an interest in. The indictment further incorporates specifically by reference the introductory paragraphs of the indictment; in so doing, the indictment provides a detailed background of Celona's official position and, by virtue of that position and membership on various senate committees, Celona's ability to influence pharmacy legislation that would be of interest to CVS, a retail pharmacy chain. It "clearly sets forth the relevant time, person, agency and currency involved in the criminal transaction." United States v. Agostino, 132 F.3d 1183, 1191 (7th Cir. 1997) (defendant was charged with giving "monies" to James Goetz in or around July 1995 " with the intent to influence [Goetz] in connection with the business, transaction, or

series of transactions of the Indiana Department of Transportation, Toll Road Division, involving something of value of $5,000 or more”).

To compare, in United States v. Triumph Capital Group, Inc., 260 F.Supp.2d 462 (D. Conn. 2002), defendants were also charged under 18 U.S.C. § 666(a)(2). They challenged the indictment for failing to allege that the bribes threatened a federally-funded program. After finding that this was not a requirement, the district court upheld the superseding indictment that “carefully track[ed] the language of the statute.” Id. at 467. That indictment “clearly allege[d],” as the Indictment here does with the State of Rhode Island, that the Connecticut State Treasurer’s Office received “benefits in excess of $10,000" in a one-year period. Id. It also charged defendants with “giving, offering, or agreeing to give financial support” and with “corruptly giving, offering, or agreeing to give valuable consulting contracts” to the payees in question. Id. The bribes were given “with the intent to influence and reward Silvester for investing state pension assets with a Triumph related investment fund . . . [and] for an increased investment of state pension assets with the fund Triumph Connecticut-II.” Id. Finally, the indictment in Triumph, just like the indictment in this case does with Celona, specified that Sylvester was an agent of the Connecticut state government. Id.

Even more generally laid out was the indictment in United States v. Apple, 927 F.Supp. 1119, 1120-1121 (N.D. Ind. 1996). There the defendant was charged with “knowingly, intentionally, and corruptly [giving] money to a person employed by IDEM, with the intent to influence or reward this person as an agent for IDEM in connection with a matter involving $5000 or more.” No more details were provided or alleged. The court noted the “Government does not face a particularly demanding standard in opposing a motion to dismiss an indictment.”

Id. Although defendant Apple argued that more detailed facts and evidence were required to be pled, the court examined the elements of a § 666 charge and found the indictment (which even failed to specify a subsection of § 666) sufficiently alleged a crime and the elements of the offense. Id. at 1121.

Count 23 tracks the language of the § 666 statute, provides further details about the bribery scheme, and incorporates by reference other information in the indictment. None of the cases relied upon by defendants contemplate § 666, let alone this situation. In United States v. Yefsky, 994 F.2d 885 (1st Cir. 1993), the indictment was found to be insufficient because it failed to identify the fraudulent conduct defendant was alleged to have conspired in. Even more vague is the indictment in United States v. Tomasetta, 429 F.2d 978, 979 (1st Cir. 1970), where defendant was charged with "making threats by unstated means to an unnamed person on a particular day in a city of moderate size." And in Flying Eagle Publications v. United States, 273 F.2d 799, 802 (1st Cir. 1960), defendants were alleged to have mailed a magazine containing obscene matter, but the indictment did not specify which article or articles in the magazine were "nonmailable." The court in that case noted that the magazine "is only 64 pages" and "it does not seem [] that too heavy a burden was placed on the appellants by putting them on notice to meet the charge that any one or more or even all of the stories, pictures or anecdotes contained matter declared to be nonmailable."

Defendants also allege that the failure to specify who acted as a principal and/or aider and abettor under 18 U.S.C. § 2 is further example of Count 23's insufficiencies. Motion to Dismiss at 6-7. It is well-established that aiding and abetting need not be charged in an indictment because it is not an independent crime. It is "an alternative charge in every count, whether

explicit or implicit." United States v. Oreto, 37 F.3d 739, 751 (1st Cir. 1994)(citing United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990)(18 U.S.C. § 2 "is not a separate offense"). In fact, the Sanchez court noted that "all courts of appeals which have considered the matter have concluded that an 'aiding and abetting' instruction may be given even though the indictment neither alleges aiding and abetting nor adverts to 18 U.S.C. § 2." Id. (listing courts of appeals decisions reaching same result). The court recommended, however, that it would be the "better practice" to at least make reference to the statute in the indictment. Id. at 611 n. 3. This is precisely what the Indictment in this case does - although not required to do so, it makes specific reference to 18 U.S.C. § 2.[1]

Defendants finally argue that the vagueness of the indictment leaves them unable to raise a double jeopardy defense. Motion to Dismiss at 7. As set forth above, the indictment specifies the law defendants are alleged to have violated, the "temporal framework" during which they are alleged to have committed bribery, and describes their actions of giving "gifts" and "money" to Celona for influence and reward in connection with legislation of interest to CVS. See United

---

[1] Interestingly, neither of the cases to which defendants cite address the failure to allege 18 U.S.C. § 2 in the Indictment as a basis for dismissal. In fact, in United States v. Mojica-Baez , 229 F.3d 292, 309 (1st Cir. 2000) the defendants were charged with both 18 U.S.C. §§ 2 and 924(c)(1) for the use of a firearm during a robbery. There, the court addressed the failure to charge defendants with specifically using a semiautomatic assault weapon - an element that enhanced their sentencing exposure to a ten-year mandatory minimum sentence. In fact, the court specifically indicated it would not decide whether indictment was defective. Id. In United States v. McLennan, 672 F.2d 239, 243 (1st Cir. 1982), the defendant was charged with being an accessory after the fact, under 18 U.S.C. § 3, to Jamiel Chagra's August 23, 1979, bail jump. The indictment did not allege that the bail jump was "willful," pursuant to 18 USC § 3150. Understanding that an indictment that charges a person as an accessory after the fact must plead the underlying offense as well as the accessory offense, the court nevertheless found the allegation of "willfulness" was "so implicit in the language constituting the indictment as to render the omission immaterial." Id.

States v. Sepulveda, 15 F.3d 1161 (1st Cir. 1993). In fact, defendants' argument in their motion proves that they are on adequate notice to plead double jeopardy if necessary - they complain that the United States might, if unable to secure a conviction, later allege other "gifts" or "money" as part of a bribery scheme. Clearly, by the nature of their argument, they are well aware a second indictment alleging a violation of 18 U.S.C. §§ 2 and 666(a)(2) during this same time period is subject to this argument.

The bribery scheme set forth in Count 23 of the Indictment more than sufficiently enables defendants to prepare their defense. They are on notice that, from May 1999 to December 2003, they are alleged to have given Celona gifts and money with the intent to influence and reward him in connection with legislation of interest to CVS, a pharmacy retail company. Moreover, the indictment fully incorporates those introductory paragraphs which set the backdrop for the scheme - that defendants worked in senior management positions at CVS that involved government relations duties, that Celona was a member of the Rhode Island General Assembly during the period in question and was a member and chair of several committees that dealt with pharmacy legislation, and that CVS was a retail pharmacy chain whose income was derived primarily from retail sales of prescription drugs. The indictment is, at a minimum, adequate. As such, the motion should be denied.

## III. Conclusion

Based upon the foregoing, the United States respectfully requests that the Court deny Defendants' motion to dismiss Count 23.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/Stephen G. Dambruch

______________________________
STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza
Providence, RI 02903
(401)709-5000 - phone
(401)709-5001 - fax
Stephen.dambruch@usdoj.gov.

WILLIAM M. WELCH, II
Chief, Public Integrity Section

/s/ Daniel A. Petalas
/s/ AnnaLou Tirol

________________________________
DANIEL A. PETALAS
ANNALOU TIROL
Trial Attorneys
Criminal Division
1400 New York Avenue N.W.
Washington, D.C. 20530
Dan.petalas@usdoj.gov
AnnaLou.Tirol2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November, 2007, I caused the within Government's Memorandum in Support of Its Objection to Defendant's Motion to Dismiss Count 23 of the Indictment to be filed electronically and is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

David B. Fein, Esq.
Wiggin and Dana LLP
400 Atlantic Street
Stamford, CT 06911

Mark L. Smith
Law Offices of Mark L. Smith
176 Eddie Dowling Highway, Suite 101
North Smithfield, RI 02896

Thomas R. Kiley, Esq.
Cosgrove, Eisenberg and Kiley
One International Place, Suite 1820
Boston, MA 02110

Peter DiBiase, Esq.
91 Friendship Street, 3rd Floor
Providence, RI 02903

/s/ STEPHEN G. DAMBRUCH
STEPHEN G. DAMBRUCH
Assistant U. S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Stephen.dambruch@usdoj.gov