Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, Connecticut
06911-0325
www.wiggin.com

David B. Fein
203.363.7603
203.363.7676 fax
dfein@wiggin.com

WIGGIN AND DANA

*Counsellors at Law*

**BY HAND**

May 7, 2008

The Honorable Mary M. Lisi
Chief Judge
United States District Court
District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: United States v. John R. Kramer and Carlos Ortiz, 07-09-01 (MML)

Dear Chief Judge Lisi:

As the Court is already aware, for more than a year the government told the defendants in this case that it did not intend to offer in its case-in-chief the prior grand jury testimony of defendant Carlos Ortiz (the "Ortiz Testimony"). The defendants prepared their defense on the basis of this stated intention.

In late March of this year, however, after jury selection in the present trial had already begun, the government reversed course and informed the defendants that it was reconsidering its position on the introduction of the Ortiz Testimony. The defendants informed the Court immediately and moved to preclude the testimony, engaging in accelerated briefing and argument. At oral argument on April 15, 2008, the Court stated that "the Government created this problem, and to do it at a point where we've already engaged, we've already set trial -- firm trial dates, we've already begun jury selection I think was very ill-advised." (Transcript of Proceedings, dated April 15, 2008 ("April 15 Tr."), 59:24–60:3.)

On April 18, 2008, counsel for defendant John R. Kramer submitted a letter to the Court that provided a list of proposed redactions (the "Fein Letter"). Five days later, on April 23, 2008, counsel for Mr. Ortiz informed the Court that the proposed redactions were acceptable to Mr. Ortiz.

Not until yesterday afternoon -- a full two-and-a-half weeks after receiving the list of proposed redactions, in the midst of jury selection, and almost literally on the eve of trial -- did the government respond to the proposed redactions, in a letter submitted to the Court that deems certain proposed redactions acceptable, and objects to the rest. (See Letter from AUSA Stephen Dambruch, dated May 6, 2008 ("Dambruch Letter").) As if the lateness of the Dambruch Letter were not

WIGGIN AND DANA
*Counsellors at Law*

already cause for concern, the letter arrived less than twenty-four hours after the government submitted to defendants the government's exhibit list, which the defendants had expected to receive several weeks earlier. That list contained 361 exhibits, in contrast to the list of 50 exhibits to which counsel for the government referred during a conference in chambers last Friday.

Thus, not only did the government wait until the eleventh hour to announce its intent to offer the Ortiz Testimony in its case-in-chief, but the government let two-and-one-half weeks pass before advising the Court and the defendants of its objections to the proposed redactions to that testimony. With the evidence phase of the trial scheduled to begin on Monday, the government seeks to alter the presentation of its case significantly, while leaving the defendants without adequate time to prepare a defense.

Furthermore, the government's proposed redactions are not acceptable to either defendant, given that they fly in the face of the relevant caselaw, the Court's expressly stated concerns regarding the incriminating nature of the Ortiz Testimony, and the actual language of the testimony itself.

For example, the government objects to the redaction of lines 21:1–4 of the Ortiz Testimony, in which Mr. Ortiz testifies about his opinion of a conversation with John Celona. The government claims that "these statements . . . do not implicate nor refer in any way to Mr. Kramer." (Dambruch Letter at 1.) The government ignores the context in which those lines appear: the very next lines of the testimony confirm that Mr. Kramer was present for the conversation in question. (See Ortiz Testimony 21:5–9.) The government's attempt to analyze the text in isolation is flatly improper. See United States v. Vega Molina, 407 F.3d 511, 520 (1st Cir. 2005) (explaining that redaction under Bruton "requires careful attention to both text and context, that is, to the text of the statement itself and to the context in which it is proffered").

Similarly, the government objects to the redaction of lines 32:13–34:9 of the Ortiz Testimony, regarding a conversation between Mr. Ortiz and a co-worker. The government claims that "at no point does Mr. Ortiz either directly or indirectly refer to Mr. Kramer and/or implicate him in any way," and that the statements are relevant to Ortiz's state of mind "while not mentioning nor referring in any way to Mr. Kramer's culpability." (Dambruch Letter at 2.) The government ignores the fact that at the very heart of that excerpt is Ortiz's statement [redacted] (Ortiz Testimony 32:24–33:2.) In context, the pronoun "we" refers to Kramer and Ortiz, pointing directly to Kramer in the powerfully incriminating way that was contemplated in Bruton and its progeny, and by the Court in this very case. (See April 15 Tr. 52:11–14 ("when I read that transcript and I remembered your words, 'all of it,' I

WIGGIN AND DANA

*Counsellors at Law*

was shocked because it's clearly a situation where one Defendant is pointing the finger at another").)

Most egregiously of all, the government objects to the redaction of lines 45:2–47:13 of the Ortiz Testimony, making the sweeping claim that "There is neither a direct mention nor an indirect reference to Mr. Kramer contained within the questions asked of Mr. Ortiz or his answers to those questions." (Dambruch Letter at 2.) This is not the case, as the language of the excerpt itself demonstrates repeatedly:

- [redacted] (Ortiz Testimony 45:15–16);
- [redacted] (Ortiz Testimony 45:20–21);
- [redacted] (Ortiz Testimony 45:22–23);
- [redacted] (Ortiz Testimony 45:24–25);
- [redacted] (Ortiz Testimony 46:3–4);
- [redacted] (Ortiz Testimony 46:17);
- [redacted] (Ortiz Testimony 47:1.)

At trial, where the jurors will be spending every day focusing on Kramer and Ortiz, the relationship between the two defendants, and their relationship with Celona, it will be impossible for the jury to put Kramer out of their minds when considering these statements. (See Gray v. Maryland, 523 U.S. 185, 194–95 (1998) (prior testimony need not mention non-testifying declarant's co-defendant by name in order to "directly incriminate" co-defendant)). On the contrary, the overwhelming likelihood is that the jury will interpret such statements to incriminate Kramer -- the very circumstance that Bruton forbids.

WIGGIN AND DANA
*Counsellors at Law*

In light of the fact that the government's proposed redactions are insufficient to protect Mr. Kramer's Sixth Amendment rights, and in light of the fact that the commencement of the trial is now only five days away, the defendants respectfully reassert their original request that the Court exclude the Ortiz Testimony in its entirety. In the alternative, the defendants request that the Court order that the Ortiz Testimony be redacted to exclude those portions of the testimony identified in the Fein Letter.

Respectfully submitted,

David B. Fein

cc: AUSA Stephen Dambruch, Esq.
AUSA Daniel Petalas, Esq.
Peter DiBiase, Esq.
Thomas R. Kiley, Esq.
Mark Smith, Esq.
Anthony M. Traini, Esq.