**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

May 6, 2008

The Honorable Mary M. Lisi
Chief Judge
United States District Court
District of Rhode Island
Providence, RI 02903

RE: *United States v. John Kramer and Carlos Ortiz*, CR07-009.

Dear Chief Judge Lisi,

Pursuant to the Court's request, I am responding to defendant John Kramer's request to redact the state grand jury testimony of co-defendant Carlos Ortiz. In a letter submitted to the Court on April 18, 2008 by Mr. Kramer's attorney, David Fein, Mr. Fein requests redaction of twelve separate passages from the Ortiz grand jury transcript. The government's position as to each of those passages is as follows:

1. 21:1-4 The government requests that the Court deny defendant Kramer's request to redact these four lines of the transcript. This passage consists of Mr. Ortiz explaining why he asked John Celona if he had obtained approval from the Ethics Commission. Not only is there no mention of Mr. Kramer, but the substance of Mr. Ortiz' comments are limited to a description of his own thoughts on the appropriateness of the Celona situation. Therefore, these statements, which do not implicate nor refer in any way to Mr. Kramer, are highly probative as to Mr. Ortiz' state of mind at a significant point in time, that is, during the preliminary discussions that eventually led to signing of the CVS/Celona consulting agreement.

2. 23:24-25:21 (ending with "...could do,") The government has no objection to defendant Kramer's request for redaction of this passage.

3. 28:10-13 The government has no objection to defendant Kramer's request for redaction of this passage.

4. 32:13-34:9 The government requests that the Court deny defendant Kramer's request to redact this section of the transcript. This passage consists of Mr. Ortiz describing his conversation and interaction with fellow CVS employee Todd Andrews. At no point does Mr. Ortiz either directly or indirectly refer to Mr. Kramer and/or implicate him in any way. In fact Mr. Ortiz' comments primarily focus on his and Mr. Andrews thoughts about the appropriateness of the Celona relationship, his concern about it becoming public, and his evaluation of how Mr. Celona's appointment to a committee chairmanship impacted that analysis. These statements are highly probative as to Mr. Ortiz' state of mind and as to his fear of the matter becoming public knowledge, while not mentioning nor referring in any way to Mr. Kramer's culpability.

5. 35:1-5 The government requests that the Court deny defendant Kramer's request to redact these five lines of the transcript. In this passage, Mr. Ortiz offers some additional thoughts about his reaction to Celona's appointment as a committee chairman without any direct or indirect reference to Mr. Kramer.

6. 36:11-14 (beginning with "--you said that..." and ending with "public perception--") The government has no objection to defendant Kramer's request for redaction of this passage, which consists of the statements by the state prosecutor, and not Mr. Ortiz.

7. 45:2-47:13 The government requests that the Court deny defendant Kramer's request to redact this passage of the transcript. Once again, this portion consists of Mr. Ortiz own thoughts and observations about the appropriateness of the relationship and what, if anything CVS was getting in return for its payments to Celona. There is neither a direct mention nor an indirect reference to Mr. Kramer contained within the questions asked of Mr. Ortiz or his answers to those questions.

8. 51:12-52:12 The government requests that the Court deny defendant Kramer's request to redact this passage of the transcript. Although Mr. Ortiz mentions Mr. Kramer in this section of the transcript, those references do not implicate Mr. Kramer. Initially, he mentions Mr. Kramer in order to place his conversation with Mr. James Smith in context and then subsequently credits Mr. Kramer with facilitating the termination

of the Celona consulting relationship. Such statements are not the type of direct finger pointing that necessitate redaction.

In the alternative, if the Court has some concerns about the reference to Mr. Kramer's involvement in the termination of Mr. Celona, redaction of lines 52:6-12 would resolve that issue.

9. 55:11-56:2 The government has no objection to defendant Kramer's request for redaction of this passage.

10. 62:6-12 The government has no objection to defendant Kramer's request for redaction of this passage.

11. 64:13-65:13 The government has no objection to defendant Kramer's request for redaction of this passage

12. 66:19-67:16 The government has no objection to defendant Kramer's request for redaction of this passage.

With regard to any claim by Mr. Ortiz that the redaction of the six sections of the transcript to which the government has not objected would prejudice him in some way, such is not the case here. Assuming that Mr. Ortiz sought to introduce those redacted portions of his prior testimony under a rule of completeness theory, he would be required to demonstrate that the redaction would create a misunderstanding or distortion that could only be averted by way of the introduction of the redacted portions of his testimony. United States v. Awon, 135 F.3d 96, 101 (1st Cir. 1998). He would also have to establish that the redacted statements are relevant to the issues in the case and clarify the portion of his testimony offered into evidence by the government. United States v. Price, 516 F.3d 597, 604 (7th Cir. 2008); Bradford v. Bruno's, Inc., 94 F.3d 614, 621 (11th Cir. 1996). Simply put, the rule does not require the admission of sections of the transcript "that are neither explanatory of nor relevant to the admitted passages." United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999). Furthermore, the rule of completeness does not mandate admission of the entire transcript just because some of the redacted portions might be exculpatory. United States v. Bollin, 264 F.3d 391, 415 (4th Cir. 2001); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996).

The proposed redactions in the instant case do not involve statements that are relevant to an issue in the case and/or clarify some other portion of Mr. Ortiz' testimony. [redacted]

[redacted] Since this type of merely "following orders" claim is not, in fact, a valid defense to the charges in the indictment (See United States v. Guerra-Garcia, 336 F.3d 19, 24 (1st Cir. 2003) and United States v. Brandon, 17 F.3d 409, 428 (1st Cir. 1994)), those statements are neither relevant nor admissible. Significantly, Mr. Ortiz at no time in those redacted sections clarifies or qualifies his own thoughts and observations about the propriety and/or legitimate value of the Celona consulting relationship.

Sincerely,

Stephen G. Dambruch
Assistant U.S. Attorney

cc David Fein, Esquire
Thomas Kiley, Esquire