**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 8, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO ADMIT GOVERNMENT STATEMENTS

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in support of their Motion in Limine to Admit Government Statements.

The defendants will seek to offer statements by the government pursuant to Rule 801(d)(2) of the Federal Rules of Evidence as non-hearsay admissions by a party-opponent. Rule 801(d)(2) provides in pertinent part that a statement is not hearsay if it is "offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth . . . ." Fed. R. Evid. 801(d)(2).

For example, the defendants will offer the government's statements concerning Celona's credibility, such as the government's motion for downward departure in connection with Celona's sentencing. (See Motion for Downward Departure Based on Substantial Assistance to Authorities, dated January 26, 2007 ("Motion for Downward Departure").) The Motion for Downward Departure details numerous instances in which Celona was not candid, and casts doubt on Celona's veracity and ability to testify accurately and truthfully:

- "Celona's testimony was, at times, less than compelling. For example, under cross-examination he was frequently forgetful, sometimes evasive, and occasionally belligerent. . . . He had to overly rely on documents or recorded testimony in order to answer questions accurately." (Mot. for Downward Departure at 3.)

- Celona "sometimes recalled events in such a way as to make it look better for himself." (Mot. for Downward Departure at 4.)

- Celona "lied to the FBI" about when and why he changed his vote on the Any Willing Provider legislation. (Mot. for Downward Departure at 4-5.)

- Celona's "mistaken" grand jury testimony was "representative of the way in which Celona sometimes attempted to explain his own behavior." (Mot. for Downward Departure at 5.)

- "Under cross-examination Celona often could not, or would not, answer questions directly and without reference to documents." (Mot. for Downward Departure at 5.)

- "Just prior to trial, Celona also recovered memories not previously disclosed to investigators." (Mot. for Downward Departure at 5.)

- "[A]t least some trial testimony [from the Urciuoli trial], concerning when he first requested a job from Robert A. Urciuoli, contradicted prior statements and testimony." (Mot. for Downward Departure at 5.)

- "Indeed, Celona has admitted that he lied to his colleagues, his constituents, the Ethics Commission, the public and even to his accomplices." (Mot. for Downward Departure at 6.)

In addition, at Celona's sentencing hearing, the government made statements disparaging Celona's credibility. For example, the prosecutor remarked, with regard to Celona, that "No one will ever call him a good witness." (Transcript of Sentencing Hearing, dated Jan. 31, 2007 ("Sentencing Tr."), 21:19-20.) These statements and representations by the government easily satisfy the test of relevance and admissibility under Rules 401 and 402.

In circumstances where the government has adopted or expressed belief in the truth of a statement, that statement is admissible against the government in a criminal case. United States v. Kattar, 840 F.2d 118, 130–31 (1st Cir. 1988). This includes statements made by the prosecution in prior, related litigation. In Kattar, the First Circuit held that prior statements made by the government in a sentencing memorandum and brief filed in separate, related litigation were admissible against the government as party-opponent admissions under Rule 801(d)(2) because "the assertions made by the government in a formal prosecution . . . establish the position of the United States and not merely the views of its agents who participate therein." Kattar, 840 F.2d at 131. In this case, the statements in the government's Motion for Downward Departure, like the statements in the Kattar sentencing memorandum and brief, fall squarely

within Rule 801(d)(2). The statements were made by the government, the party against whom they will be offered here; indeed, they were made by the very same prosecutors' office. Kattar, 840 F.2d at 130–31 (noting that "The government cannot indicate to one federal court that certain statements are trustworthy and accurate, and then argue to a jury in another federal court that those same assertions are hearsay."). Accordingly, those statements should be admitted to impeach Celona.

Accordingly, government statements such as "No one will ever call [Celona] a good witness" (Sentencing Tr. 21:19–20) and the government's letter to the Rhode Island Ethics Commission regarding Celona (see Letter from Assistant United States Attorney L. Matos to J. Gramitt, dated August 30, 2005) are admissible against the government as party-opponent admissions under Rule 801(d)(2). The same is true of the Information to which Celona pleaded guilty. (See Information, dated June 27, 2005 ("Information").) Unlike an indictment, which can be construed as a statement of the grand jury, see United States v. GAF Corp., 928 F.2d 1253, 1261 (2d Cir. 1991), an information is drafted, signed, and authorized entirely by the government. See United States Dep't of Justice, Federal Grand Jury Practice § 11.3 at 340 (noting that "The prosecuting attorney, rather than grand jury, files the information with the presiding judge or magistrate."). Indeed, it is difficult to imagine a document in which the government more clearly manifests its belief in the truth contained therein than a criminal information, carefully drawn pursuant to the rules of criminal procedure, subscribed by the United States Attorney in the name of the United States government, charging a United States citizen with a crime, and filed with the United States District Court. Under the circumstances

here presented, and pursuant to the foregoing authority, the Information should be admitted against the government pursuant to Rule 801(d)(2)(B).[1]

## CONCLUSION

For all of the reasons stated above, the Court should issue an Order permitting the defendants to offer into evidence statements made by the government.

Date: May 8, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase

Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

[1] Where a government statement consists of factual findings resulting from an investigation made pursuant to authority granted by law, such a statement is also admissible against the government as a public report pursuant to Rule 803(8)(C) of the Federal Rules of Evidence. For example, the Information is clearly admissible on this ground. See Davignon v. Hodgson, No. 06-1191, 2008 WL 1822375, at *18 (1st Cir. April 24, 2008) (noting that Supreme Court has interpreted Rule 803(8)(C) broadly "to include both conclusions and opinions of public offices and agencies") (internal quotation omitted).

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 8th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov
- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov
- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov
- **Peter Sprung**
  peter.sprung@usdoj.gov
- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov