**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 9, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE**
**REGARDING EVIDENCE OF RHODE ISLAND STATE LAW**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum of Law in Support of Defendants' Motion in Limine Regarding Evidence of Rhode Island State Law.

It is well settled that in an honest-services fraud prosecution, state law is relevant to, at minimum, the issue of a defendant's intent or lack of criminal intent. Urciuoli [full cite] at 298; (see also Government's Objection to Defendants' Motion to Strike the Conflict-of-Interest Prosecution Theory, dated April 11, 2008, at 7 ("the jury should be instructed that evidence about [state law] may be considered . . . to the extent it bears on intent"; May 8, 2008 Letter of Daniel A. Petalas to the Court).) Accordingly, at a minimum, evidence of state law should be admitted in this case so that the jurors may evaluate properly the defendants' intent to commit the charged crimes.

Separately, evidence of state law should be introduced in this case based on the government's decision to proceed under two separate theories of theft of honest services: (i) improper influence; and (ii) concealed conflict of interest. In this case, the government has charged its concealed-conflict-of-interest theory in a way that unavoidably implicates state law: the alleged conflict of interest consists of a state senator's participation in state legislation

pending before a state legislature while working for CVS, all under a state law regime that, under certain circumstances, permits a state legislator to act on state legislation that would affect the private entity for whom he works. Where, as here, an honest-services fraud prosecution is based on the defendants' alleged aiding and abetting the concealment of a public official's alleged conflict of interest, state law necessarily provides the basis for making the threshold determination of whether an impermissible conflict of interest existed.

It cannot be presumed, however, that jurors will already know or understand the Rhode Island State law that applies to the conduct at issue in this trial. Those laws are idiosyncratic and unconventional; certainly, they depart from the rules governing federal legislators, and in many respects they defy intuition. It is not intuitive that it is lawful and legitimate for a private company to engage a legislator as a consultant. Nor is it intuitive that there are circumstances under which it is completely lawful for a legislator who works for a private company to take action on legislation affecting that company. In short, jurors' preconceptions about the propriety of relationships between legislators and private companies will most likely run directly contrary to the position that Rhode Island's laws actually take toward such relationships. See Nat'l Ass'n of Social Workers v. Harwood, 69 F.3d 622, 637 (1st Cir. 1995) (Lynch, J. dissenting) (observing that "[t]he Rhode Island House presents a factual setting perhaps unique in this country").

It is also crucial in this case for jurors to understand that Rhode Island's conflict-of-interest laws are limited. Those laws do not apply to private citizens such as Kramer and Ortiz, and they do not impose upon private citizens any obligation to disclose any conflict of interest belonging to any public official. In addition, Rhode Island law imposed no duty upon Celona or Kramer to disclose Celona's consulting relationship with CVS during Kramer's appearances on

Celona's cable television program. For jurors, none of these precepts will be self-evident or common knowledge.

**CONCLUSION**

For the foregoing reasons, the Court should permit the defendants to introduce evidence of, among other things: (1) Rhode Island's part-time legislature; (2) the fact that Rhode Island legislators are permitted to hold outside employment; (3) Rhode Island's Class Exception, which permits a legislator who works for a private entity to participate in legislation that affects that entity to no greater degree than any other similarly situated entity; and (4) the fact that Rhode Island legislators may, but are not required to, seek guidance and approval from the Rhode Island Ethics Commission concerning their relationships with the entities for whom they work. See R.I. Gen. Laws §§ 36-14-7; 36-14-11.

Dated: May 9, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase______________

Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith_____________
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com