**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------x
UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: May 9, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :
---------------------------------------------------x

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE SEEKING TO EXCLUDE COMPUTER FILES**

The Trial Memorandum filed by the government contains, among other things, a motion in limine seeking to exclude from evidence "electronic files removed from the hard drive disk space of several computers previously seized from Celona's home." (Trial Memorandum of the United States, dated May 6, 2008 ("Gov't Mot."), at 35.) The computer records in question were recovered from the hard drives of computers found in John Celona's home during a search of the premises by the Rhode Island State Police on March 8, 2004, pursuant to a duly authorized search warrant. (See Search Warrant and accompanying materials, dated March 8, 2004 (attached hereto as Exhibit A).) Celona and his attorney, William Dimitri, subsequently executed a Consent and Waiver in which Celona "knowingly and voluntarily consent[ed] to the Federal Bureau of Investigation retrieving, examining, copying and using any and all documents, computerized records and other materials that were seized by the Rhode Island State Police" from Celona's home. (See Consent and Waiver, dated September 15, 2004 ("Waiver"), at 1 (annexed hereto as Exhibit B).)

For the reasons set forth below, the government's claim should be rejected, and the defendants should be permitted to offer the computer records found on Celona's home computer into evidence at trial.

## ARGUMENT

The government is flatly mistaken in its unsupportable claim that the writings should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because they are -- according to the government -- "conversation fragments" of "self-serving" statements "written while Celona still sought to avoid accountability for his corrupt conduct" (Gov't Mot. at 35). Under both Rule 401 and Rule 403, the fragments, which contain statements by Celona that directly contradict the government's theory of prosecution, are admissible because they are relevant and not unfairly prejudicial.

For example, among the records recovered is a portion of text that states as follows:

> [i]t must be noted that I was offered the contract by CVS while I was in a Democratic faction in the Senate that was in the MINORITY. Therefore, I had no influence whatsoever because of my affiliation with the then so-called 'Montalbano Faction' as opposed to the faction that was in control with Senator Paul Kelly as the then Majority Leader. So there was absolutely nothing that I could have done to influence legislation and I was contracted by CVS as an independent contractor to do just what the contract stated – nothing to do with legislation. IN ADDITION, and this was brought out to me by Bill Dimitri, but it is not on his disk – CVS terminated my contract with them WHILE I STILL WAS CHAIRMAN OF THE COMMITTEE AND THERE WAS NOT APPARENT OR FORSEEN ANTICIPATED MOVE FOR ME TO LEAVE THE CHAIRMANSHIP. What obviously this means is that my chairmanship was not in peril at the time of my termination of the CVS contract yet I was still terminated.

(Text of Celona Computer File SSHD 00058 (annexed hereto as Exhibit C) (emphasis in original).)

Celona's writings -- including this example, in which he explained that his CVS consulting relationship had "nothing to do with legislation" -- go to the very heart of the defense in this prosecution. Indeed, given the importance that the government is expected to place upon Celona's testimony, it is difficult to imagine evidence that could be more obviously relevant.

The government has failed to offer any satisfactory explanation of how that enormous probative value might be outweighed, let alone "substantially outweighed," by the sort of concerns identified in Rule 403. See Fed. R. Evid. 403.

Courts routinely admit and rely upon fragmentary computer evidence in both civil and criminal cases. See, e.g., United States v. Piesak, 521 F.3d 41 (1st Cir. 2008) (in affirming a criminal conviction based on sufficiency of the evidence, the First Circuit relied on, among other evidence, the government's introduction of "text fragments" recovered from defendant's computer seized by the government during a court-authorized search warrant of the defendant's home) ; In re Columbia Securities Litigation, 155 F.R.D. 466, 477 (S.D.N.Y. 1994) (holding that fragmented computer file of reporter's notes sufficiently trustworthy for admission into evidence when offered with other related evidence). To the extent the records are incomplete, the documents are not thereby rendered inadmissible. Rather, any gaps in the writings go to the weight of the evidence, and not to its admissibility. In re Japanese Elec. Prods. Litig., 723 F.2d 238, 291 (3d Cir. 1983) (holding that "[a]mbiguities in a business record, as with any evidence may be argued to the jury" because "unintelligibility is a factor extraneous to the trustworthiness inquiry"), rev'd on other grounds, 475 U.S. 574 (1986).

The government's claim that "the files are unreliable records of the statements they purport to contain" is equally unavailing. (Gov't Mot. at 35.) Circumstantial evidence generally provides the key to establishing the authorship and authenticity of computerized records. See United States v. Simpson, 152 F.3d 1241 (10th Cir. 1998). Here, the computerized records were recovered through a forensic search conducted by the Rhode Island State Police computer forensics unit, after the computers on which those records were found had been located and seized from Celona's home by agents of the Rhode Island State Police pursuant to a warrant duly

prepared and processed by law enforcement agents, and authorized by a magistrate. Furthermore, the substance of the recovered text makes it clear that Celona was its author; they are written in the first person and provide many known references to Celona. Thus, the circumstances of the documents' recovery coupled with the contents of the writings establish the authorship and authenticity of the contested evidence.

Finally, even if the government is correct in its tentative, faltering claim that the computerized records in question are "likely inadmissible hearsay," (Gov't Mot. at 35), the statements contained on the computerized records are nevertheless properly admissible on other bases, particularly during cross-examination. Obviously, Celona's prior statements are admissible if he adopts them as his own. See Fed. R. Evid. 801(c)(2) (statement "of which the party has manifested an adoption or belief in its truth" is not hearsay). If Celona offers conflicting testimony, the statements are admissible to impeach Celona as evidence of prior inconsistent statements. See Fed. R. Evid. 613(b). Should Celona deny making the statements, they are admissible under the doctrine of impeachment by contradiction. See United States v. Perez-Perez, 72 F.3d 224, 227 (1st Cir. 1995) (noting that extrinsic evidence may be used to impeach "where the prior testimony being contradicted was itself material to the case at hand"). In addition, Celona's statements are also admissible as hearsay exceptions, as statements of his then existing state of mind. See Fed. R. Evid. 803(3).

In sum, both the contents of the files at issue and the circumstances under which the files were recovered demonstrate clearly that these records were written by John Celona. Because the government's case rests substantially on Celona's shoulders, the Court should not preclude the introduction of Celona's own writings that will likely be entirely inconsistent with his anticipated testimony. The jury should not be deprived of such important evidence to inform its credibility

determination. See United States v. Fortes, 619 F. 2d 108, 118 (1st Cir. 1980) (stating that "when a case turns to a large extent on the credibility of defendant's accuser, broad cross-examination of that principal witness should be allowed").

**Conclusion**

For all the foregoing reasons, the defendants should be permitted to introduce the records recovered from the hard drive of his home computer.

May 9, 2008

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com
David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith_____________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@a

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 9th day of May, 2008, a copy of the foregoing document and the accompanying Memorandum of Law were filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov

- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov

- **Gerard B. Sullivan**
  gerard.sullivan@usdoj.gov

- **Peter Sprung**
  peter.sprung@usdoj.gov

- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov