**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

-----------------------------------------------------x

UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: May 18, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :

-----------------------------------------------------x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE TESTIMONY REGARDING <u>WILLIAM V. IRONS</u>**

The defendants John R. Kramer and Carlos Ortiz respectfully submit this memorandum in support of their Motion to Preclude Testimony Regarding William V. Irons.

## ARGUMENT

The government intends to call former Rhode Island State Senator John A. Celona as a trial witness against the defendants, and the defendants anticipate that Celona's testimony will be central to the government's case. The government may attempt to elicit opinion testimony from Celona concerning Celona's subjective, unsubstantiated belief that a financial relationship existed between CVS and former State Senator William V. Irons. As demonstrated below, such testimony is inadmissible and should be precluded.

First, during the time period at issue in this case, Celona had no actual knowledge of any financial relationship between CVS and Irons, and thus he cannot testify competently as to any such relationship. See Fed. R. Evid. 602 (providing that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). As Celona has testified repeatedly, his beliefs at the time about whether a relationship existed between CVS and Irons, and about the nature of such a relationship, were based entirely on unfounded rumor and speculation. (See Transcript of John Celona Grand Jury Testimony, dated May 2, 2006, at 28:19–25 ("Q: [D]o you know if Mr. Irons had any relationship with CVS? A. Definitively no, but there were rumors that he did. . . . [T]his is, you know, strictly rumors . . . ."); Transcript of John Celona Grand Jury Testimony, dated May 16, 2006 at 11:3–6 ("Well, I had heard [Irons] was -- it was well known that he was -- I don't know if you want to say good friends with Tom Ryan, and it was rumored that he had a substantial financial interest with CVS.").) Because any testimony that Celona might offer

regarding any financial relationship between CVS and Irons would be mere speculation, that testimony is expressly prohibited as incompetent pursuant to Rule 602.

Second, Celona's subjective beliefs about Irons and CVS are irrelevant because they have no "tendency to make the existence of any fact that is of consequence to the determination of the action [in the present case] more probable or less probable than it would be without" evidence of such beliefs. Fed. R. Evid. 401; see also United States v. Lamberty, 778 F.2d 59, 61 (1st Cir. 1985) (finding evidence irrelevant and inadmissible where it did not help to establish elements of counts actually charged).[1] The "rumors" upon which Celona's beliefs were based had nothing to do with Kramer and Ortiz, and indeed, there is no evidence that either defendant ever knew of any relationship between CVS and Irons. Beyond this, every other aspect of the government's approach to the present prosecution confirms the irrelevance of Celona's beliefs. The government's Superseding Indictment includes no mention or description of Irons; the government has not called Irons as a witness in the present prosecution; and the government has not elicited any testimony regarding Irons from any of the trial witnesses it has called to date.

Third, testimony from Celona regarding his beliefs about Irons and CVS would be profoundly misleading to the jury and unfairly prejudicial to the defendants, particularly when compared to its utter lack of probative value. See Fed. R. Evid. 403 advisory committee's notes ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis."); United States v. Gilbert, 229 F.3d 15, 22 (1st Cir. 2000) (affirming exclusion of evidence where "[t]he force of the improper propensity evidence would be too powerful for any juror to ignore, any attorney to leave unanswered, or any judge to guard against").

---

[1] Indeed, as the defendants have already explained in a prior motion, even *actual* evidence of a financial relationship between CVS and any legislator other than John Celona is irrelevant to the allegations in this case. (See Defendants' Motion in Limine to Exclude Evidence of Other Investigations and Other CVS Financial Relationships, and accompanying Memorandum, dated May 8, 2008.)

Accordingly, the Court should preclude the government from eliciting testimony from Celona regarding his beliefs as to Irons and CVS, and should order the government to instruct Celona that he is not to volunteer any such testimony.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court preclude the government from eliciting testimony from John Celona as to Celona's beliefs as to any financial relationship between CVS and former Rhode Island State Senator William V. Irons.

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,
By his Attorneys,

/s/ Mark L. Smith
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com