**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

----------------------------------------------------x

UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: May 18, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :

----------------------------------------------------x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE TESTIMONY REGARDING DEFENDANTS' STATE OF MIND**

The defendants John R. Kramer and Carlos Ortiz respectfully submit this memorandum in support of their Motion to Preclude Testimony Regarding Defendants' State of Mind.

## INTRODUCTION

The government intends to call former Rhode Island State Senator John A. Celona as a trial witness against the defendants, and the defendants anticipate that Celona's testimony will be central to the government's case. The government may attempt to elicit opinion testimony from Celona as to the defendants' state of mind regarding Celona's position as a CVS consultant. As demonstrated below, such testimony is inadmissible and should be precluded.

## ARGUMENT

Any testimony by Celona regarding the defendants' state of mind -- the central issue in every charge against the defendants in the present case -- is inadmissible pursuant to Rules 701 and 403 of the Federal Rules of Evidence. Such testimony cannot be rationally based upon Celona's personal knowledge, and even if the government could establish such a foundation, Celona's testimony would be inadmissible because it would not be helpful for the jury. On the contrary, the testimony would be irrelevant and misleading for the jury, as well as unfairly prejudicial to the defendants.

### A. Celona Lacks Personal Knowledge To Support Any Assertion Regarding The Defendants' Intent.

Rule 701 provides that opinion testimony from a lay witness such as John Celona is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "The first element of Rule 701 is 'the familiar requirement of first-hand knowledge or observation.'" United States v. Wilkerson, 411 F.3d 1, 7

(1st Cir. 2005) (quoting Fed. R. Evid. 701 advisory committee's note); see also Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the the witness has personal knowledge of the matter").

Any testimony by Celona regarding the defendants' state of mind (including testimony as to the defendants' intent in retaining Celona as a CVS public-relations consultant) fails to meet this standard. The First Circuit has made it clear that "[t]estimony regarding the inchoate state of mind of a defendant does not fall within the category of allowable opinion testimony by lay witnesses." United States v. Brown, 938 F.2d 1482, 1488 (1st Cir. 1991). For example, in United States v. Kaplan, 490 F.3d 110 (2d Cir. 2007), a cooperating witness had offered lay opinion testimony at trial about the defendant's knowledge of a health care fraud scheme in which the defendant and the witness had allegedly been co-conspirators. See id. at 117. The Second Circuit concluded, however, that the the testimony was inadmissible because the witness "failed to show that his opinion as to [defendant's] knowledge [about the fraudulent scheme] was rationally based on facts he had observed." Id. at 119.

Here, just like the cooperating witness in Kaplan, Celona cannot possibly have had personal knowledge of the defendants' "inchoate state of mind" in connection with their decision to engage him as a CVS consultant. See United States v. Rodriguez, 162 F.3d 135, 144 (1st Cir. 1998) (stating that evidence is inadmissible under Rule 602 where "the witness could not have actually perceived or observed that which he testified to"). Thus, any testimony Celona might offer regarding the defendants' state of mind is mere supposition that is inadmissible under both Rule 602 and Rule 701(a). See United States v. Sorrentino, 726 F.2d 876, 886–87 (1st Cir. 1984) (holding that testimony was properly excluded under Rule 602 where "personal knowledge was so tenuous" that testimony was "sheer speculation"); Wilkerson, 411 F.3d at 7

(noting that valid lay opinion testimony "does not require any irrational leaps of logic for the witness to render the opinion").

**B. Celona's Opinion About The Defendants' State Of Mind Is Irrelevant And Unhelpful For The Jury.**

Even if the government could lay an evidentiary foundation for Celona's opinion as to the defendants' state of mind, Celona's testimony would be inadmissible in any event. "To the extent the witness describes the basis of his or her opinion, [the opinion] will be rejected on the ground that it is not helpful because the fact finder is able to reach his or her own conclusion, making the opinion testimony irrelevant." United States v. Polishan, 336 F.3d 234, 242 (3d Cir. 2003); see also United States v. Rea, 958 F.2d 1206, 1216 (2d Cir. 1992) (observing that "when a witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be 'helpful' within the meaning of Rule 701"); United States v. Patterson, 644 F.2d 890, 899 (1st Cir. 1981) (holding that testimony about witness's understanding of offer by defendant was irrelevant because "the jury was as capable [as witness] of interpreting [defendant's] declaration").

Furthermore, lay opinion testimony that goes to the ultimate issue in dispute is inadmissible as unhelpful when --as Celona's testimony on the defendants' state of mind would do here -- the opinion would "do little more than tell the jury what result to reach." Willco Kuwait (Trading) S.A.K. v. deSavary, 843 F.2d 618, 624 (1st Cir. 1988); accord Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 14 (1st Cir. 1998) (noting that "lay opinion as to whether the circumstantial evidence suggested that [defendant] harbored a discriminatory animus -- the ultimate legal issue in the case -- in all likelihood would have been inadmissible at trial");

Kaplan, 490 F.3d at 123 (holding lay opinion testimony regarding defendant's knowledge of alleged fraud inadmissible where such knowledge was "the central disputed issue in the case").

Here, the central issue in dispute is Kramer and Ortiz's state of mind with respect to the CVS consulting arrangement with Celona -- specifically, whether the defendants acted "knowingly," "willfully," and/or "corruptly." (See Superseding Indictment ¶¶ 25, 103, 108.) Allowing the government to elicit an opinion from its principal cooperating witness on that central issue would "essentially turn[] him into a thirteenth juror" and thereby usurp the jury's role as the finder of fact at trial. United States v. Anderskow, 88 F.3d 245, 250–251 (3d Cir. 1996) ("We do not understand how a witness' subjective belief that a defendant 'must have known' is helpful to a factfinder that has before it the very circumstantial evidence upon which the subjective opinion is based.").

Thus, testimony from John Celona regarding the defendants' state of mind is necessarily inadmissible, whether as pure guesswork without any foundation, or as superfluous and therefore irrelevant opinion. Either way, the government should be precluded from offering such testimony pursuant to Rule 701.

### C. Any Testimony From Celona About The Defendants' State of Mind Will Be Misleading And Unfairly Prejudicial.

In addition to being inadmissible pursuant to Rule 701, Celona's self-serving conjecture regarding the defendants' state of mind would also be inadmissible pursuant to Rule 403, given that such testimony, even if it were relevant (which it is not), would nevertheless be powerfully misleading and unfairly prejudicial. See Rea, 958 F.2d at 1216 (noting that "even those lay opinions that pass Rule 701's dual test of admissibility may be excluded by the court under Fed. R. Evid. 403 if the court determines that . . . [the opinion's] helpfulness is substantially outweighed by the danger of unfair prejudice to the party opposing admission of the evidence");

Fed. R. Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). Any negligible probative value that Celona's unreliable view of the defendants' state of mind might possess is substantially outweighed by the overwhelming risk of unfair prejudice it poses. See Kaplan, 490 F.3d at 123 (vacating conviction where cooperating witness's inadmissible opinion testimony regarding defendants' state of mind was "just the sort of evidence that might sway a jury confronted with a marginal circumstantial case").

In short, any testimony that Celona might offer regarding his opinions, views, or beliefs as to the defendants' state of mind in connection with the CVS consulting arrangement necessarily fails to satisfy even the most basic requirements of admissibility.

**CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the Court preclude the government from eliciting testimony from John Celona regarding the defendants' state of mind in connection with Celona's engagement as a CVS consultant.

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,
By his Attorneys,

/s/ Mark L. Smith

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com