**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR 07-09-01 (MML) |
| v. | : | |
| | : | May 28, 2008 |
| JOHN R. KRAMER and | : | |
| CARLOS ORTIZ | : | |

**SUPPLEMENT TO DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS**

Defendants John R. Kramer and Carlos Ortiz respectfully submit for the Court's consideration the following Supplement to Defendants' Proposed Final Jury Instructions, which were submitted to the Court on May 10, 2008. All of the proposed instructions submitted herein were discussed during today's charge conference with the Court and counsel. The defendants also propose certain additional material to be incorporated into the instruction on "Rhode Island Law - Honest Services of a Rhode Island Legislator" at Section 6 of Defendants' Proposed Final Jury Instructions. For the Court's convenience, the defendants have submitted herein that revised instruction with the proposed additions incorporated and identified in boldface type.

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase______________

Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
Pro Hac Vice Counsel
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________

Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
Pro Hac Vice Counsel
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775

MAIL FRAUD: SUCCESS IMMATERIAL

The government need not prove that the scheme was successfully carried out. Nor is the government required to prove that the scheme was capable of success.

It is irrelevant that a public official's efforts in furtherance of the scheme to defraud ultimately failed. The government need only show that the deprivation of honest services of a public official was contemplated by the scheme.

Also, your own opinion as to the merits of the legislation or other official action targeted by the alleged scheme is irrelevant. You may, however, consider any evidence concerning the merits of the legislation or other official action as it relates to the intent of the defendant or the public official.

Further, if you decide that the defendant knowingly and willfully participated in the scheme with the required intent to defraud, it is no defense that the defendant was "following orders."

## COOPERATING WITNESS

You have heard the testimony of John Celona. He provided evidence under an agreement with the government. Cooperation agreements are lawful, and some people in this position are entirely truthful when testifying.

Still, you should consider John Celona's testimony with greater caution than that of ordinary witnesses. Celona may have had reason to make up stories or exaggerate what others did because he wanted to help himself.

In deciding what to believe, you may consider a number of factors, including the following:

(1) John Celona's ability to see or hear or know the things he testified to;

(2) The quality of Celona's memory;

(3) Celona's manner while testifying;

(4) whether Celona has an interest in the outcome of the case or any motive, bias or prejudice;

(5) Whether Celona's testimony is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) The reasonableness or unreasonableness of the events that Celona related to you in his testimony;

(7) The reasonableness of Celona's testimony when considered in the light of other evidence which you believe; and

(8) Any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict Celona's version of the events.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything John Celona said or only part of it or none of it.

---

Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 1.06
Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.07
Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 3.06
United States v. Paniagua-Ramos, 251 F.3d 242, 246 (1st Cir. 2001) (upholding jury instruction on cooperating witness's testimony stating that "The law only requires that you consider testimony given under those circumstances with greater caution than that of ordinary witnesses" as "a fair statement of the applicable law concerning accomplice testimony")
United States v. Gonzalez-Soberal, 109 F.3d 70–71 (1st Cir. 1997) (approving instruction that testimony of a cooperating witness should be considered with greater caution than an ordinary witness, and in evaluating the testimony the jury should consider whether the testimony was influenced by the government's promises)
United States v. Hernandez, 109 F.3d 13, 15 (1st Cir. 1997) (holding that alleged co-conspirator may testify "as long as any agreements he has made with the government are presented to the jury and the 'judge [gives] complete and correct instructions detailing the special care the jury should take in assessing the testimony'") (quoting United States v. Ortiz-Arrigoitia, 996 F.2d 436, 438–39 (1st Cir. 1993))
United States v. Fernandez, 145 F.3d 59, 62 (1st Cir. 1998)
Ferrara v. United States, 384 F. Supp. 2d 384, 427–28 (D. Mass 2005) ("Juries in the First Circuit are regularly instructed to consider the testimony of cooperating witnesses 'with particular caution'")

CREDIBILITY OF WITNESS – INCONSISTENT STATEMENTS

You have heard evidence that before testifying at this trial, John Celona gave sworn testimony and made other statements concerning the same subject matter as his testimony in this trial. You may consider that earlier sworn testimony and those earlier statements to help you decide how much of John Celona's testimony to believe. If you find that the prior sworn testimony or any of the prior statements were not consistent with John Celona's testimony at this trial, then you should decide whether that affects the believability of John Celona's testimony at this trial.

I also instruct you that if you find that John Celona, or any other witness, has knowingly testified falsely to you concerning any material matter in this case, you have a right to distrust and disregard not only that portion of his or her testimony which you find to be false, but you are free to reject all of his or her testimony.

---

Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.02
United States v. Osorio, 929 F.2d 753, 757 n.2 (1st Cir. 1991)

IMPEACHMENT BY PRIOR GUILTY PLEA

You have heard evidence that John Celona has pled guilty to crimes. You may consider that evidence, along with other pertinent evidence, in deciding how much weight to give John Celona's testimony.

You may not consider that evidence, however, in determining the guilt or innocence of the defendants.

---

Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 2.03

REMEDIAL INSTRUCTION

John Celona gave testimony during direct examination at this trial concerning the telephone call he made to the Ethics Commission related to a consulting agreement with CVS, and his subsequent communication with the defendants about that telephone call. John Celona's testimony on direct examination contradicted sworn testimony that Celona gave in 2006 before a grand jury and in response to questions from a judge of this Court during a trial.

The government has a constitutional duty to provide information to the defendants. In this case, the government did not meet its constitutional obligations to the defendants, and you can consider that as you evaluate whether the government proved its case beyond a reasonable doubt.

---

United States v. Osorio, 929 F.2d 753, 763 (1st Cir. 1991)

RHODE ISLAND LAW – HONEST SERVICES
OF A RHODE ISLAND STATE LEGISLATOR

In this case, the Indictment charges that the defendants intentionally engaged in a scheme to deprive the citizens of Rhode Island of the honest services of John Celona, a Rhode Island State legislator. In order to understand the nature of the honest services owed by a Rhode Island legislator, and to determine whether the defendants intentionally engaged in a scheme to deprive the citizens of Rhode Island of the "honest services" of John Celona, you must consider Rhode Island State law.

In this regard, I should tell you several things about Rhode Island's system of government and laws regarding its state legislators. The State of Rhode Island's legislature, which is called the Rhode Island General Assembly, is what is known as a "citizens' legislature." This means that, unlike, for example, members of the United States Congress, who work full-time as legislators, Rhode Island State legislators are members of the community who serve only part-time in the State legislature and are paid only modestly for their work as legislators. Accordingly, Rhode Island State law permits legislators to hold jobs outside of the legislature, including working, as in this case, for private entities.

This concept of a citizens' legislature, which has been adopted by Rhode Island as well as various other states in the country, often results in situations where a certain piece of legislation under consideration could affect the interests of an entity for whom a legislator works. Under certain circumstances, legislators can still participate in such legislation. Specifically, Rhode Island State law contains a provision known as the "Class Exception." This provision expressly permits a legislator to take action on legislation that would affect a private entity for whom the legislator works, as long as the legislation would affect that entity to no greater extent than any other similarly situated entities. This is referred to as the "Class Exception" because it applies

when proposed legislation treats a *class* of entities -- such as all teachers or all **pharmacies** -- alike.

Under Rhode Island State law, the legislator is the one who is responsible for (1) identifying any actual or potential conflict of interest; (2) determining whether such a conflict, if one exists, needs to be disclosed; and (3) determining whether, under all the circumstances, he or she is permitted to participate in legislation. In this regard, legislators are permitted by Rhode Island State law to seek guidance and approval from a public body called the Rhode Island Ethics Commission, but Rhode Island State law does not require them to seek such guidance or approval. **Even where a legislator seeks and receives such guidance, there is no express requirement that such guidance be provided in writing.** The Ethics Commission is an independent public agency created by amendment to the Rhode Island State Constitution. The Ethics Commission adopts, enforces, and administers Rhode Island's code of ethics, which governs the conduct of its public officials, including legislators. In 1999, in response to a request for guidance, the Ethics Commission determined that the Class Exception applied to Any Willing Provider legislation pending in that year.

Here, the defendants are not legislators; they are private citizens working for a private entity. Under Rhode Island State law, private citizens, including private citizens who have hired a legislator, have no obligation to identify or disclose a legislator's actual or potential conflict of interest. And they also have no obligation to determine (1) whether the legislator is prohibited from taking official action, such as voting on legislation, or (2) whether the Class Exception applies, which would permit the legislator to take such official action. Again, those are the responsibilities of the legislator alone.

Finally, Rhode Island State law does not prohibit private citizens or entities who have hired a legislator from communicating with that legislator about legislation that might be of interest to them. Again, it is the legislator's responsibility to determine whether or not he may participate in legislation that would affect the entity with whom he has a business relationship, and not the private citizens' responsibility to make that determination or to refrain from communicating with the legislator about any such legislation.

---

United States v. Urciuoli, 513 F.3d 290, 298 (1st Cir. 2008)
Nat'l Ass'n of Social Workers v. Harwood, 69 F.3d 622, 637 (1st Cir. 1995) (Lynch, J., dissenting)
R.I. CONST. art. III § 8
R.I. CONST art. VI
R.I. Gen. Laws § 36-14-4
R.I. Gen. Laws § 36-14-7
R.I. Gen. Laws § 36-14-11
R.I. Ethics Commission Advisory Opinion No. 99-063

## CERTIFICATE OF SERVICE

I, **David B. Fein**, certify that on the 28th day of May, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by email to the following party by operation of the Court's electronic filing system:

- **Stephen G. Dambruch**
  stephen.dambruch@usdoj.gov
- **Daniel A. Petalas**
  Dan.Petalas@usdoj.gov
- **Peter Sprung**
  peter.sprung@usdoj.gov
- **AnnaLou Tirol**
  annalou.tirol2@usdoj.gov