**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

---------------------------------------------------x
UNITED STATES OF AMERICA :
: CR 07-09-01 (MML)
v. :
: May 29, 2008
JOHN R. KRAMER and :
CARLOS ORTIZ :
---------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR REMEDIES PURSUANT TO**
**THE GOVERNMENT'S *BRADY* VIOLATION**

Defendants John R. Kramer and Carlos Ortiz respectfully submit this Memorandum in support of their Motion for Remedies Pursuant to the Government's Brady Violation.[1]

As the Court knows all too well, on May 23, 2008, the Court and the defendants learned that the government failed to disclose, prior to trial, certain statements made by the government's cooperating witness during the government's three pre-trial interviews with Celona in April and early May 2008. By failing to disclose those statements to the defendants, the government violated its constitutional discovery obligations pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). The Court recognized that a Brady/Giglio violation had taken place and had resulted in prejudice to the defendants. (See May 27 Trial Tr. 27:23–28:13.) As a remedy for that violation, the Court offered the defendants the opportunity to re-call Celona as a witness for further cross-examination.

In an effort to avoid the need to take such measures, the defendants proposed a one-sentence Celona-related stipulation to the government. The proposed stipulation read as follows:

> John A. Celona's testimony during direct examination at this trial concerning the telephone call he made to the Ethics Commission related to a consulting agreement with CVS and his communication about that telephone call with Mr. Kramer and Mr. Ortiz contradicted sworn testimony he gave in 2006 in another trial and before a grand jury.

The government rejected the defendants' proposed stipulation.

The defendants respectfully submit that recalling Celona to the trial, following other witnesses and the conclusion of the government's case, would only prejudice the defendants further and indeed would likely result in the jury hearing additional perjured testimony. Further, exploration of the circumstances surrounding Celona's articulation of his new memories in April

---

[1] Defendants submitted a May 27, 1999 letter to the Court seeking the relief requested herein. At the Court's direction, the defendants have converted their May 27 letter into this Motion and Memorandum.

and May 2008 government interviews necessarily involves the conduct and accounts of the two trial prosecutors regarding these very interviews.

Moreover, a reopened cross-examination would have to be undertaken without the benefit of any notes or FBI reports on these crucial government interviews, as no such notes or reports have been provided to the defense.

Finally, reopening cross-examination does nothing to remediate the prejudice caused by the government's suppression of material information. Given the fact that Celona's statements related to an event that is central to the matters at issue in this case, defense counsel would have taken Celona's statements into account not only in their cross-examination of Celona, but in delivering their opening statements to the jury and in preparing and conducting the entire trial.

The defendants respectfully submit that the prejudice caused by the government's Brady violation with respect to that witness requires, at least, relief that would advise the jury of the contradiction, and thus the inherent untrustworthiness, involved in the testimony of that witness.

## CONCLUSION

For all the foregoing reasons, the defendants respectfully request that the Court either (1) instruct the jury pursuant to our proposed stipulation; or (2) strike Celona's testimony in its entirety.

Respectfully submitted,

JOHN R. KRAMER,
By his Attorneys,

/s/ Peter DiBiase
Peter DiBiase
The Remington Building
91 Friendship Street, Third Floor
Providence, RI 02903-3819
(401) 831-5020
attorney_pad@yahoo.com

David B. Fein
Scott D. Corrigan
*Pro Hac Vice Counsel*
WIGGIN AND DANA LLP
400 Atlantic Street
Stamford, CT 06901
(203) 363-7600
(203) 363-7676 (fax)
dfein@wiggin.com
scorrigan@wiggin.com

CARLOS ORTIZ,

By his Attorneys,

/s/ Mark L. Smith______________
Mark L. Smith
176 Eddie Dowling Highway
North Smithfield, RI 02896
(401) 769-4120
Lawmls@aol.com

Thomas R. Kiley
*Pro Hac Vice Counsel*
Cosgrove, Eisenberg and Kiley, P.C.
One International Place, Suite 1820
Boston, Massachusetts 02110
(617) 439-7775
trkiley159@aol.com